STATE OF NEBRASKA, APPELLEE, V.
JAMIE PULS, APPELLANT.
690 N.W.2d 423

Filed December 21, 2004.    No. A-04-472.

W. Patrick Dunn for appellant.

Paul D. Kratz, Omaha City Attorney, Martin J. Conboy III, Omaha City Prosecutor, and J. Michael Tesar for appellee.

INBODY, Chief Judge, and IRWIN and CARLSON, Judges.

INBODY, Chief Judge.

## INTRODUCTION

Jamie Puls appeals the decision of the Douglas County District Court affirming her convictions for obstructing traffic and driving under the influence of alcohol. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

On July 2, 2003, Puls was charged with obstructing traffic and driving under the influence, both in violation of Omaha city ordinances. On July 31, Puls filed a motion to suppress evidence.

The hearing on Puls' motion to suppress was held on September 11, 2003. The State's sole witness was Officer David R. Carlson. Carlson testified that on May 30, at approximately 1:30 a.m., he was on duty in the area of 114th Street and West Dodge Road in Omaha, Douglas County, Nebraska, when his attention was drawn to a black 2003 Honda. The Honda was the first vehicle in a line of cars, including Carlson's police cruiser, which was proceeding northbound on 114th Street but was stopped for a red traffic light. Carlson testified that there was "pretty heavy" traffic that night at that location.

When the light turned green, the Honda did not immediately proceed through the intersection. At trial, Carlson estimated that 5 to 7 seconds after the light had turned green, multiple drivers began honking their car horns and then the Honda proceeded through the intersection.

Carlson testified that he believed the Honda's driver, whom he subsequently identified as Puls, was obstructing traffic and that he stopped the Honda. Carlson further testified that he considered Puls' delay in proceeding through the intersection to be negligent and was concerned that the delay could have caused confusion in other vehicles. Upon contacting Puls, Carlson immediately noticed symptoms of intoxication. Puls was eventually cited for driving under the influence and obstructing traffic.

The defense presented testimony from one witness, Ben Smith. Smith is acquainted with Puls because she is a friend of Smith's girl friend. Smith was in the vehicle immediately behind Puls' Honda at the stoplight in question on May 30, 2003. Smith testified that as he approached the stoplight at West Dodge Road, the light was red and there were no other cars behind his vehicle, but there were police cars in the lane next to his vehicle.

According to Smith, when the light turned green, Puls "was looking down" and paused for "three or four seconds," so he honked his horn "[j]ust to let her know that the light had turned green" and she then proceeded through the intersection. Smith testified that he did not have any problems making it through the intersection during the green light, that he was not unreasonably delayed, and that no other cars honked their horns.

The attorneys then made closing arguments, during which the prosecutor argued that the issue was not whether Puls was guilty of obstruction of traffic, but whether Carlson reasonably believed he had observed a law violation before effecting a stop of Puls' Honda. The county court denied Puls' motion to suppress, stating from the bench:

> Yeah, I pretty much have to go along with the prosecution's thinking on this, that we're not here to — She may very well be found not guilty in [sic] obstructing traffic, but that doesn't . . . negate [Carlson's] duty in investigating the situation. He saw this delay and he stopped a car to find out what's going on. He . . . thinks she should be charged with [obstructing traffic] too, but we may find her not guilty on that charge. But the — He certainly had the cause to believe that there were [sic] something wrong here and therefore he acted and stopped the vehicle. So your motion to suppress is denied.

A stipulated trial was held on October 24, 2003, with the issues raised in the suppression motion preserved for appeal. The court found Puls guilty of the charged offenses, and she was sentenced thereon. Puls timely appealed to the Douglas County District Court, which affirmed Puls' convictions and sentences and found that the county court properly denied Puls' motion to suppress. Puls has timely appealed to this court.

## ASSIGNMENTS OF ERROR

On appeal, Puls contends that the district court erred (1) in failing to find that the county court did not sufficiently articulate its findings of fact and (2) in affirming the trial court's overruling of her motion to suppress because the stop of her Honda was in violation of her constitutional rights.

## STANDARD OF REVIEW

■ A trial court's ruling on a motion to suppress evidence, apart from determinations of reasonable suspicion to conduct investigatory stops and probable cause to perform warrantless searches, is to be upheld on appeal unless its findings of fact are clearly erroneous. *State v. Manning*, 263 Neb. 61, 638 N.W.2d 231 (2002); *State v. Petersen*, 12 Neb. App. 445, 676 N.W.2d 65 (2004).

■ When reviewing a district court's determinations of reasonable suspicion to conduct an investigatory stop and probable cause to perform a warrantless search, ultimate determinations of reasonable suspicion and probable cause are reviewed de novo and findings of fact are reviewed for clear error, giving due weight to inferences drawn from those facts by the trial judge. *State v. Anderson*, 258 Neb. 627, 605 N.W.2d 124 (2000); *State v. Petersen, supra.*

■ When reviewing a trial court's ruling on a motion to suppress evidence, an appellate court does not reweigh the evidence or resolve conflicts in the evidence, but, rather, recognizes the trial court as the finder of fact and takes into consideration that it observed the witnesses. *State v. Faber*, 264 Neb. 198, 647 N.W.2d 67 (2002); *State v. Manning, supra; State v. Petersen, supra.*

## ANALYSIS

*Sufficiency of County Court's Findings of Fact.*

The first issue to address is whether the district court erred in failing to find that the county court failed to sufficiently articulate its findings of fact.

■ In *State v. Osborn*, 250 Neb. 57, 547 N.W.2d 139 (1996), the Nebraska Supreme Court held that district courts shall articulate in writing or from the bench their general findings when denying or granting a motion to suppress, with the degree of specificity required varying from case to case.

■ Although we have found no case law specifically setting forth that the rule announced in *Osborn* is applicable to county courts, the Nebraska Supreme Court's "purpose in *Osborn* was to direct the trial courts to articulate findings of fact, which may be indispensable to a proper appellate review." *State v. Myers*, 258 Neb. 272, 281, 603 N.W.2d 390, 399 (1999). Thus, we believe that requiring county courts to comply with the dictates of *Osborn* is appropriate. See *State v. Butzke*, 7 Neb. App. 360, 584 N.W.2d 449 (1998) (county court made specific findings of fact regarding motion to suppress). Having made this determination, we now proceed to consider whether the county court's findings of fact in the instant case were sufficient.

During closing arguments, the State contended that the issue was not whether Puls was guilty of obstruction of traffic, but whether Carlson reasonably believed he had observed a law violation before effecting a stop of her Honda. In denying the motion to suppress, the county court stated that it agreed with the State's argument and that Puls

> may very well be found not guilty in [sic] obstructing traffic, but that doesn't . . . negate [Carlson's] duty in investigating the situation. He saw this delay and he stopped a car to find out what's going on. . . . He certainly had the cause to believe that there were [sic] something wrong here and therefore he acted and stopped the vehicle.

We believe that the county court's specificity in denying Puls' motion to suppress was sufficient in this case. The facts and reasoning relied upon by the county court in denying Puls' motion to suppress are apparent from the dialog of closing arguments and the court's comments. Thus, we find that this assignment of error is without merit.

*Motion to Suppress.*

Next, we consider whether the district court erred in affirming the county court's denial of Puls' motion to suppress. Puls claims that her failure to immediately proceed through a green traffic light is insufficient to justify Carlson's stop of her Honda.

■ Limited investigatory stops are permissible only upon a reasonable suspicion, supported by specific and articulable facts, that the person is, was, or is about to be engaged in criminal

activity. *State v. Coleman*, 10 Neb. App. 337, 630 N.W.2d 686 (2001). Reasonable suspicion entails some minimal level of objective justification for detention, something more than an inchoate and unparticularized suspicion or "hunch," but less than the level of suspicion required for probable cause. *State v. McGinnis*, 8 Neb. App. 1014, 608 N.W.2d 605 (2000). Whether a police officer has a reasonable suspicion based on sufficient articulable facts requires taking into account the totality of the circumstances. *State v. Gutierrez*, 9 Neb. App. 325, 611 N.W.2d 853 (2000).

According to witnesses, at approximately 1:30 a.m., Puls' Honda failed to promptly proceed through the intersection after the traffic light had turned green. After a delay of 3 to 7 seconds, at least one driver honked the horn of his vehicle, at which time Puls did then proceed through the intersection. These facts could promote a reasonable suspicion that Puls was operating her Honda under the influence of alcohol or drugs, and Carlson's stop of Puls' Honda to investigate was permissible. These facts could also provide a reasonable suspicion that a traffic offense, as discussed earlier, had occurred. Thus, we find that the district court did not err in affirming the county court's denial of Puls' motion to suppress.

## CONCLUSION

Having considered and rejected Puls' assignments of error, we affirm the decision of the district court.

AFFIRMED.